

FILED
SUPERIOR COURT
OF GUAM

2021 NOV -1 PM 1: 34

CLERK OF COURT

BY: _____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| JUDE THADDEUS STEELE,<br><br>Plaintiff,<br><br>vs.<br><br>LYDIA BANGAYAN STEELE,<br><br>Defendant. | Superior Court Case No. <u>DM0216-21</u><br><br>**DECISION AND ORDER RE MOTION FOR SPOUSAL SUPPORT AND ATTORNEY'S FEES *PENDENTE LITE*** |

Defendant Lydia Bangayan Steele moves this Court for an award of spousal support and attorney's fees pending the outcome of this divorce proceeding. For the reasons set forth below, the Court GRANTS in part Lydia's Motion for *Pendente Lite* Spousal Support and Attorney's Fees.

## I.   FACTUAL BACKGROUND

The parties married in Fairfax, Virginia, on April 17, 2019. Plaintiff Jude Thaddeus Steele is a citizen of the United States and Lydia is a citizen of the Republic of the Philippines. Before the marriage, Jude petitioned to be Lydia's immigration sponsor and signed an Affidavit of Support, in which he certified that he was willing and able to receive, maintain, and support Lydia. Mot., Ex. A (Aug. 2, 2021). However, USCIS subsequently denied Lydia's Green Card application.

Jude currently resides in Guam and works as a professional engineer. Lydia has never resided in Guam and is unable to work due to her immigration status.

ORIGINAL

The parties separated on either December 23, 2020, or February 1, 2021. Jude filed a Complaint for Divorce on May 27, 2021, seeking a divorce based on irreconcilable differences. Lydia filed an Answer and Counterclaim and seeks a divorce on the grounds of adultery, extreme physical and mental cruelty, and abandonment. She asks the Court to award her all community property, plus compensatory and punitive damages for physical abuse that she claims Jude caused her.

Lydia moved for *pendente lite* spousal support and attorney fees on August 2, 2021. She seeks $3,500 per month as temporary spousal support from the date of filing the Motion, and $5,000 for reasonable attorney's fees and costs to enable her to litigate the divorce. In support of her Motion, Lydia included a declaration, invoices from Steele Contracting Corporation, Jude's Affidavit of Support, Defendant's First Set of Interrogatories to Plaintiff, and Defendant's First Set of Requests for Production of Documents to Plaintiff. Jude filed an Opposition on September 7, with a declaration in support.

## II.   LAW AND DISCUSSION

### A. Spousal Support

"When an action for dissolution of marriage is pending, the court may, in its discretion, require the husband or wife, as the case may be, to pay as alimony any money necessary to enable the wife, or husband, to support herself and her children, or to support himself and his children, or prosecute or defend the action." The purpose of temporary spousal support is to enable the economically dependent spouse to live in his or her accustomed manner while the divorce action is pending. *Malabanan v. Malabanan*, 2013 Guam 30 ¶ 28 (citing *Whelan v. Whelan*, 197 P.2d 361, 362-63 (Cal. Ct. App. 1948)). In determining an amount of spousal support, the trial court must exercise its sound discretion, considering the circumstances of the

parties, their necessities, and ability to pay. *See Cruz v. Cruz*, 2005 Guam 3 ¶ 10 (citing *Arnold v. Arnold*, I2 P.2d 435, 436 (Cal. 1932)). This requires examining the parties' respective incomes and earning abilities, the property each possesses, and their needs. *See Cruz*, 2005 Guam 3 ¶ 10 (citing *Sweeley v. Sweeley*, 170 P.2d 469, 470 (Cal. 1946)). Additionally, courts have looked to the parties' prior and present standard of living, the length of the marriage, and the parties' age, education, and respective abilities. *Kang v. Kang*, 2014 Guam 10 ¶ 10.

### i. Income and Earning Capacity

Lydia asserts that Jude has an average income of $4,100 per week or $16,400 per month. In support of her assertion, she submitted invoices from Steele Contracting Corporation for March, April, May, and June 2021. Motion Ex. B. The invoices support Lydia's assertion that Jude's income is $16,400 per month. Jude did not provide an alternative income or dispute that the amount billed on the invoices represented his income.

As to Lydia's income, she asserts that her immigration status prevents her from working. Jude argues that Lydia worked illegally in a nail salon in the three years before their marriage. He contends that this indicates that she can attain work even if she is technically not permitted to work due to her immigration status.

The questions of Lydia's immigration status and work authorization are federal matters beyond this Court's jurisdiction. But in the exercise of its domestic jurisdiction, the Court will not issue a decision that amounts to a practical requirement that Lydia obtains work illegally. *See Douglas Stephen Farrer v. Lulainah Binte Johari*, DM0256-15 (Dec. and Order (Dec. 18, 2015)) (citing *Levy v. Levy*, 862 So.2d 48 (Fla. Dist. Ct. App. 2003) and *Korn v. Korn*, 867 So.2d 338, 346 (Ala. Civ. App. 2003)).

Accordingly, the Court determines that the income and earning capacity of the Jude is



$16,400 per month, and the income and earning capacity of Lydia is $0.00 per month.

### ii. Property

Both parties have made mention of property in the other party's control. Still, neither has provided the Court with the specificity needed to determine the value of the property or its effect on the ability of the parties to support themselves.

In his Complaint for Divorce, Jude claims that he owns, as separate property, a townhouse in Virginia, a 2019 Hyundai Kona, clothing, jewelry, and other personal effects. He states that Lydia owns separate property, such as clothing, jewelry, and other personal effects.

Lydia's Answer and Counterclaim for Divorce states that the parties do not own any separate property. She claims that the parties own the following community property:

- Savings;
- Jude's retirement; and
- Lydia's stimulus check that Jude stole.

Def.'s Verified Answer and Counterclaim for Divorce (Jul 15, 2021).

Accordingly, the Court does not consider the alleged property in determining whether Lydia is entitled to spousal support *pendente lite.*

### iii. Affidavit of Support

Lydia argues that Jude's Affidavit of Support is a legally enforceable contract between Jude and Lydia under which Lydia is entitled to enforce Jude's obligation to support her. In support of her argument, Lydia points to *In re Marriage of Kumar*. 13 Cal. App. 5th 1072 (2017). In *In re Marriage of Kumar*, the California Court of Appeal held that an immigrant spouse has standing to enforce the support obligation created by a Form I-864 Affidavit of Support in state court divorce proceedings. *Id.* at 1074.

ORIGINAL

The Court finds that the present matter is distinguishable from *In re Marriage of Kumar*. In *In re Marriage of Kumar*, the court analyzed the enforceability of a Form I-864 Affidavit of Support. Specifically, the signer of Form I-864 must provide the intended immigrant any support necessary to maintain him or her at an income of at least 125 percent of the Federal Poverty Guidelines. *Id.* at 1079. Moreover, Form I-864 specifically states when the obligations end and that divorce does not terminate your obligations under Form I-864. *Id.*

In contrast, here, Jude signed a Form I-134 Affidavit of Support. Form I-134 does not contain the same specific support terms; instead, the signor must certify that he or she is willing and able to receive, maintain, and support the beneficiary. Motion Ex. A. Accordingly, due to the differences between Form I-864 and Form I-134 stated, the Court declines to enforce any obligation of support stated in Jude's Form I-134 Affidavit of Support.

### iv.    Needs of the Parties

The purpose of temporary spousal support is to enable the economically dependent spouse to live in his or her accustomed manner while the divorce action is pending. *Malabanan*, 2013 Guam 30 ¶ 28 (citing *Whelan*, 197 P.2d at 362-63).

The Court first turns to the parties' expenses. Jude did not provide the Court with a list of his expenses. Lydia has listed the following estimate of her expenses:

| | |
|---|---|
| Rent | $1,200 |
| Utilities | $200 |
| Transportation | $100 |
| Food/Groceries | $900 |
| Telephone | $80 |
| Laundry | $70 |
| Medical Insurance | $450 |

Total: $3,000

Motion, Def.'s Decl.


ORIGINAL



Neither party listed any community debt. Lydia asserts that she has borrowed at least $20,000 to cover her emergency needs and the initial cost of hiring legal counsel. *Id.* Since Lydia incurred this debt after the parties separated, the Court does not consider it in determining whether Lydia is entitled to spousal support *pendente lite*. *See* 19 GCA § 6102; *see also Blas v. Cruz,* 2009 Guam 12 ¶ 23.

Considering the parties incomes' and earning capacities and their needs, the Court determines that Lydia is owed as spousal support *pendente lite*, and Jude is ORDERED to make payment of $3,000 per month.

### v. Arrears on Spousal Support

Having determined that an award of spousal support *pendente lite* is appropriate, the Court must determine when Lydia's right to receive spousal support *pendente lite* accrued. In the child support context, the Guam Supreme Court has expressed a preference for using the date of filing the motion to modify support. *See Leon Guerrero v. Moylan,* 2002 Guam 18 ¶ 45; *see also Lanser v. Lanser,* 2003 Guam 14 ¶ 27 ("Once the trial court determined that a modification was necessary, it was required to rule that the modification was effective retroactively to the date that the motion was filed without evidence justifying a later date.").

Other jurisdictions pennit awards of spousal support *pendente lite* to be made retroactive to the time the party first raised a claim for it. *See Dyer v. Dyer,* 536 A.2d 453, 457 (Pa. Super. 1988); *see also Roedel v. Roedel,* 788 S.W. 788, 791 (Mo. Ct. App. 1990) ("an award of temporary maintenance ... may be made retroactive to the date the motion seeking such an award was filed."). The Court agrees. Neither Lydia's need for support nor Jude's ability to pay support depends on the exigencies of the Court's docket, the time permitted for the parties to file briefing, or the time available to the Court to rule on the Motion.


ORIGINAL

Here, Lydia first asserted a claim to spousal support *pendente lite* in the present Motion, which she filed on August 2, 2021. From that point forward, Jude was put on notice of her claim. Having vindicated her claim, Lydia's right to receive spousal support *pendente lite* accrued on August 2, 2021. Accordingly, the Court shall calculate the amount of arrears starting from August 2.

Prorating the value of $3,000 by the number of days remaining in August after filing this Motion, Jude owes Lydia $2,903.29 for August. Jude owes Lydia $3,000 per month for September, October, and November, which multiplied by two months totals $9,000. $9,000 plus $2,903.29 equals $11,903.29 of accrued arrears from the filing of Lydia's Motion through the end of October. Jude is ORDERED to begin to make ongoing monthly payments of $3,000 in December, no later than Monday, December 6, 2021. Every month thereafter until the resolution of this case or further Court order, Jude is ORDERED to pay $3,000 no later than the fifth day of the month or the following business day if the fifth falls on a weekend or holiday.

## B. Attorney's Fees

Payment of the costs of attorney's fees is likewise governed by 19 GCA § 8402: "[w]hen an action for dissolution of marriage is pending, the court may, in its discretion, require the husband or wife, as the case may be, to pay as alimony any money necessary to ... prosecute or defend the action." 19 GCA § 8402. Like determining spousal support, this requires examining the parties' respective incomes and earning abilities, the property each possesses, and their needs. *See Cruz*, 2005 Guam 3 ¶ 10 (citing *Sweeley*, 170 P.2d 469, 470).

With regard to the parties' respective incomes and earning abilities and the parties' property, the Court has the information it needs to determine if Lydia should be awarded attorney's fees, and if so, how much. However, the Court lacks adequate information on Lydia's

ORIGINAL

need for attorney's fees. She declares: "My attorney fees are $5,000.00." Mot., Def.'s Decl. But while Lydia provides a list of her household expenses, there is no similar breakdown of how a $5,000 obligation to pay attorney's fees occurred or will occur. Without further information, Jude cannot make an informed argument against the fee award, and the Court is unable to determine the reasonableness of the requested amount.

Therefore, Lydia and her counsel may submit further documentation, in the form of a declaration made under penalty of perjury and related exhibits, breaking down the legal work done on this case and the fees accrued during it, no later than November 16, 2021. Any privileged material should be redacted from these documents. Should he choose to do so, Jude may file an opposition to attorney's fees, either to liability or to amount, or both, no later than November 23, 2021.

## III.    <u>CONCLUSION AND ORDER</u>

Based on the aforementioned reasons, the Court GRANTS in part Lydia's Motion for Spousal Support and Attorney's Fees. The Court assesses arrears of spousal support owed by Jude to Lydia of $11,903.29, from August 2, 2021, to November 30, 2021. As spousal support *pendente lite*, Jude is ORDERED to pay Lydia $3,000 per month. The first payment of $3,000 shall be made no later than December 6, 2015, and subsequent payments shall be made no later than the fifth day of every subsequent month, , or the following business day if the fifth falls on a weekend or holiday, pending the resolution of this case or further order of this Court. The parties may negotiate between themselves on a schedule and means for Jude to pay the $11,903.29.

Lydia and her counsel may submit documentation, with any privileged material redacted, justifying the request for $5,000.00 of attorney's fees, no later than November 16, 2021. Jude

ORIGINAL

may file an opposition to attorney's fees, either to liability or to amount, or both, no later than November 23, 2021.

    SO ORDERED this 1st day of November 2021.

**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:

Date: _____ Time: _____

Joseph Bamba, Jr.

Deputy Clerk, Superior Court of Guam

Appearing Attorneys:
Gary W.F. Gumataotao, Esq., Law Offices of Gumataotao & Pole, P.C., for Plaintiff Lydia
    Bangayan Steele
Jeffrey A. Cook, Esq., Law Offices of Cunliffe & Cook, for Defendant Jude Thaddeus Steele

ORIGINAL